IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Daniel Springer, | ) | C/A No. 0:13-3549-BHH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Dennis Bush, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner John Daniel Springer, a self-represented state prisoner, filed this petition for a writ

of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter comes before the court pursuant to 28

U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the

respondent's motion for summary judgment.  (ECF No. 24.)  Pursuant to Roseboro v. Garrison, 528

F.2d 309 (4th Cir. 1975), Springer was advised of the summary judgment and dismissal procedures

and the possible consequences if he failed to respond adequately to the respondent's motion.  (ECF

No. 26.)  Springer filed a response in opposition.  (ECF No. 42.)  Having carefully considered the

parties' submissions and the record in this case, the court concludes that the respondent's motion for

summary judgment should be granted and Springer's Petition denied.

## BACKGROUND

Springer was indicted in May 2003 in Darlington County for two counts of contributing to

the delinquency of a minor, two counts of committing a lewd act upon a minor, and two counts of

first degree criminal sexual conduct with a minor (03-GS-16-1025, -1026, -1027, -1033, -1034, &

-1035).  (App. at 543-54, ECF No. 25-4 at 45-56.)  Springer was represented by Paul V. Cannarella,

Esquire, and on June 23-25, 2003 was tried before a jury and found guilty as charged.  (App. at 408-

09, ECF No. 25-3 at 58-59.)  The circuit court sentenced Springer to three years' imprisonment for

each count of contributing to the delinquency of a minor, fifteen years' imprisonment for each count of committing a lewd act upon a minor, and thirty years' imprisonment for each count of first degree criminal sexual conduct with a minor, all sentences to be served concurrently.  (App. at 420, ECF No. 25-3 at 70.)

Springer timely appealed and was represented by Tara S. Taggart, Esquire, Assistant Appellate Defender, who filed an Anders[1] brief on Springer's behalf that presented the following question:  [w]hether the trial judge erred in denying appellant's motion for a mistrial.  (ECF No. 25-5.)  Springer filed a *pro se* response to the Anders brief in which he raised the following issues:

> Did the Trial Judge err by refusing to sever separate offenses alleged by different victims where the offenses were not connected transactions; evidence from neither case would have been admissible [in] a separate trial for the other under Lyle; and, the joinder prejudice Appellant's right to call witnesses in his defense and his right to a fair trial?

(ECF No. 25-7.)  By Order issued April 6, 2007, the South Carolina Court of Appeals directed the parties to brief the following issues:

1.    Whether the trial court erred in allowing the cases to be consolidated and denying Appellant's motion to sever?

2.    Whether issue one (1) is preserved for appellate review.

(ECF No. 25-8.)  Springer, represented by Katherine H. Hudgins, Esquire, Appellate Defender, and the State filed briefs.  (ECF Nos. 25-9 & 25-10.)  On January 23, 2008, the South Carolina Court of Appeals issued an order affirming the decision of the lower court.  (State v. Springer, Op. No. 08-

---

[1] Anders v. California, 386 U.S. 738 (1967).  Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  Anders, 386 U.S. at 744.



UP-069 (S.C. Ct. App. Jan. 23, 2008); ECF No. 25-11.)  The remittitur was issued on February 11,

2008.  (ECF No. 25-12.)

Springer filed a *pro se* application for post-conviction relief ("PCR") on December 22, 2008

in which he raised the following claims:

> Ineffective Assistance of Trial Counsel:  Trial counsel allowed defendant to be tried
> while sever[e]ly drugged following attempted suicide.  Defendant was incoherent at
> trial[;]
>
> Ineffective Assistance of Trial Counsel:  Trial counsel failed to call expert witness
> to refute State's expert witness on child sexual abuse[;]
>
> Ineffective Assistance of Appellate Counsel:  Appellate counsel failed to prepare
> proper brief on issue and merely copied part of Defendant[']s pro se brief—failed to
> argue connection[.]

(See Springer v. State of South Carolina, 08-CP-16-1089; App. at 423-29, ECF No. 25-3 at 73-79.)

The State filed a return.  (App. at 430-35, ECF No. 25-3 at 80-85.)  On September 13, 2010, the PCR

court held an evidentiary hearing at which Springer appeared and testified and was represented by

W.S. "Trey" Watts, III, Esquire.  By order filed December 15, 2010, the PCR judge denied and

dismissed with prejudice Springer's PCR application.  (App. at 531-42, ECF No. 25-4 at 33-44.)

On appeal, Springer was represented by Tristan M. Shaffer, Esquire, Appellate Defender,

who filed a petition for a writ of certiorari on Springer's behalf that presented the following

questions:

> 1.    Counsel was ineffective in proceeding to trial after the trial court noticed that
>       Petitioner was falling asleep during jury selection resulting in Petitioner being
>       remanded to custody and tested for illegal drugs; Petitioner had admitted to
>       taking an anti-anxiety medication prior to his trial; and trial counsel noted
>       that Petitioner seemed more "thick tongued" than usual on the day of trial.
>
> 2.    Counsel was ineffective in unreasonably allowing the nurse examiner to
>       bolster the testimony of the two complaining witnesses.

3.    Did the PCR court err in denying relief when one of the prosecutrix's [*sic*] now testifies that the vaginal bleeding that was previously attributed to the alleged sexual assault was actually menstruation and that some of her trial testimony was improperly influenced.

(ECF No. 25-13.)  The State filed a return.  (ECF No. 25-14.)  On November 20, 2013, the South

Carolina Court of Appeals issued an order denying Springer's petition for a writ of certiorari.  (ECF

No. 25-15.)  The remittitur was issued December 6, 2013.  (ECF No. 25-16.)  This action followed.

## FEDERAL HABEAS ISSUES

Springer's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:**  Springer was denied due process of law, effective assistance of counsel, and an impartial jury, all as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and therefore a fair trial when, during voir dire of the jury pool, the prosecutor blurted out an accusation to the judge that Springer was staring at witnesses or potential jurors and the judge scolded Springer ordering him to face forward, both before the entire jury pool.

**Ground Two:**  Springer's rights to due process, effective assistance of counsel, and an impartial jury as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated when he was tried while drugged and visibly impaired.

**Ground Three:** Springer's right's to due process and effective assistance of counsel as guaranteed by the Sixth and Fourteenth amendments to the United States Constitution were violated by prosecutors' conduct leading up to trial which included, but was not limited to, threatening witnesses to testify or withhold testimony; and, by trial counsel's refusal to place the conduct in the record for review.

**Ground Four:**  Springer's rights to due process and effective assistance as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated when counsel failed to object to him being question[ed] concerning an empty envelope that was not part of discovery, was illegally obtained, was used for an improper inference and was not relevant.

**Ground Five:**  Springer was denied due process and effective assistance of counsel when prosecution was allowed to introduce phone records and imply that he conspired with his wife without objection from counsel.



**Ground Six:** Springer's rights to due process and effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated as a result of being tried before a single jury for two separate, unconnected allegations from separate complaining witnesses.

**Ground Seven:** Springer's right to effective assistance of counsel and right to due process as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when trial counsel failed to object to hearsay that was inad[]missible under South Carolina law and rules of evidence and prejudiced his defense when the specific allegations were repeated by a nurse qualified as an expert.

**Ground Eight:** Springer's right to remain silent was attacked through prosecution questioning of investigator Mark Luce by implying to the jury that Springer did not turn himself in when warrants were issued.

**Ground Nine:** Springer's rights to due process, effective assistance of counsel, and his right to compel favorable witnesses as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution were violated when the prosecution interfered with a defense witness by having her arrested on a false charge, and having her children taken and held through the trial, and by threatening her not to testify; further, counsel was ineffective for not requesting that the trial court order her to testify to any facts that would not have incriminated her.

**Ground Ten:** Springer was denied due process of law and effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution because throughout the trial the prosecution implied to the jury that his wife and he conspired to cover up the charges and/or tried to manipulate the complaining witness.

**Ground Eleven:** Springer's right to effective assistance of counsel as provided in the Sixth Amendment to the United States Constitution was violated when counsel failed to offer any mitigating evidence prior to sentencing.

**Ground Twelve:** Springer's right to due process, right to effective assistance of trial counsel, right to effective assistance of appellate counsel, right to effective assistance of counsel on first tier collateral review, i.e., post-conviction relief, and right to effective assistance of counsel on appeal from PCR were violated when each attorney, in succession, failed to protect Springer's constitutional rights by not making various objections and motions or not filing or improperly filing briefs requesting relief in the state courts of South Carolina, collectively.

(Pet., ECF No. 1.)

## DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate.  Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.  Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the



court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

**B.    Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." <u>Williams v. Taylor</u>, 529 U.S. 362, 410 (2000); <u>see also</u> <u>White v. Woodall</u>, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); <u>Harrington v. Richter</u>, 562 U.S. 86, 131 S. Ct. 770, 785 (2011); <u>Humphries v. Ozmint</u>, 397 F.3d 206 (4th Cir. 2005); <u>McHone v. Polk</u>, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." <u>Harrington</u>, 131 S. Ct. at 786 (quoting <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004)); <u>see also</u> <u>White</u>, 134



S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting <u>Harrington</u>, 131 S. Ct. at 786-87).   Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review.   <u>Harrington</u>, 131 S. Ct. at 785.  Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning.  <u>See</u> <u>id.</u> at 784 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court).   If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief.  <u>Id.</u>  Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court.  <u>Id.</u> at 786. "If this standard is difficult to meet, that is because it was meant to be." <u>Id.</u>  Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." <u>Id.</u> (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

## C.    Exhaustion Requirements

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies.  28  U.S.C. § 2254(b)(1)(A).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court."  <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Barnette</u>, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

   **1.    Procedural Default**

   As an initial matter, the respondent argues that, while Springer pursued and exhausted his state remedies via a direct appeal and PCR action, only Ground Seven's ineffective assistance of counsel claim has been preserved for this court's review. (ECF No. 25 at 1, 33-34.) Thus, the respondent argues that Springer's remaining habeas grounds are procedurally defaulted. (Id.) For the reasons discussed below, the court agrees. Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Springer



attempted to raise them now.  See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

**(a)    Claims Not Raised—Grounds One, Three, Four, Five, Eight, Ten, Eleven and Twelve**

The respondent argues that the above-referenced grounds were not presented in Springer's state court proceedings.[2]  (ECF No. 25 at 34, 40-41, 43, 51, 53,55-56.)  In these grounds, Springer alleges a denial of due process based on ineffective assistance of trial counsel and/or prosecutorial misconduct during Springer's trial.  Springer also asserts a violation of his right to due process based on the alleged collective ineffective assistance provided by all attorneys during the state court proceedings (Ground Twelve).  Upon a review of the record, the court finds that Grounds One, Three, Four, Five, Eight, Ten, Eleven, and Twelve (which appears to be a general restatement of prior claims) were not raised to, or ruled upon by, the state court during Springer's direct appeal or PCR proceedings. (See App. at 423-29, ECF No. 25-3 at 73-79; App. at 531-42, ECF No. 25-4 at 33-44; ECF No. 25-5; ECF No. 25-9; ECF No. 25-11; ECF No. 25-13; ECF No. 25-15.)  Therefore, the court concludes that these claims are procedurally defaulted.

**(b)    Claim Not Ruled Upon by PCR Court—Ground Two**

In Ground Two, Springer alleges that his right to due process and effective assistance of counsel was violated "when he was tried while drugged and visibly impaired."  (ECF No. 1 at 23-30.)  The respondent argues that this issue was not raised in Springer's direct appeal or PCR action, but concedes that a similar issue, alleging that trial counsel was ineffective for failing to request a continuance based on Springer's medical state, was raised in Springer's PCR action.  (ECF No. 25

---

[2] As indicated by the respondent, Springer admits that Grounds One, Four, Five, Eight, Ten, and Eleven were not raised in the state court proceedings.  (ECF No. 1 at 12.)



at 36.) While Springer admits that this ground was not raised on direct appeal, he claims that the issue was presented in his PCR application. (ECF No. 1 at 30; <u>see also</u> App. at 426, ECF No. 25-3 at 76.) However, Springer concedes that the issue of his competence to stand trial was not ruled upon by the PCR court, which instead ruled upon the issue of whether trial counsel was ineffective for failing to request a continuance. (ECF No. 1 at 29-30; <u>see also</u> ECF No. 42 at 20.) Upon review of the record, the court finds that the PCR court did not rule on the issue of Springer's competence to stand trial and only addressed trial counsel's failure to request a continuance on Springer's behalf.[3] (App. at 536, ECF No. 25-4 at 38.) Therefore, the court concludes that Ground Two is procedurally defaulted.[4]

### (c)    Claims Not Included in the PCR Appeal—Grounds Six and Nine

In Ground Six, Springer alleges a denial of his right to due process and effective assistance of counsel because he was "tried before a single jury for two separate, unconnected allegations from separate complaining witnesses." (ECF No. 1 at 43.) Springer indicates that trial counsel "spent a

---

[3] There is no indication in the record that Springer filed a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law for this allegation. Therefore, even if this ground had been raised in the PCR action, it would not have been preserved for appellate review under state procedural rules. <u>See</u> Humbert v. State, 548 S.E.2d 862, 866 (S.C. 2001) (holding that an issue muse be raised to and ruled on by the PCR court to be preserved for appellate review); Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) ("Because respondent did not make a Rule 59(e) motion asking the PCR judge to make specific findings of fact and conclusions of law on his allegations, the issues were not preserved for appellate review."). To the extent Springer alleges that PCR counsel was ineffective for failing to file a Rule 59(e) motion, such claims are addressed later in this Report and Recommendation.

[4] The court notes that the issue of whether trial counsel was ineffective for failing to seek a continuance on Springer's behalf was presented in the PCR appeal, and counsel's argument in Springer's petition for a writ of certiorari focuses on Springer's competence to stand trial. (ECF No. 25-13 at 8-9.) However, even if Ground Two were found ripe for review, as argued by the respondent (ECF No. 25 at 36-39), and discussed below in section D(2) of this Report and Recommendation, the PCR court's denial of Ground Two is supported by the record.



significant portion of his arguments on the issue of joinder, but appellate counsel did not properly "cover this point" in the direct appeal.  (Id. at 45-46.)  Springer raised this allegation in his PCR action as ineffective assistance of appellate counsel and the PCR court ruled upon the issue in its order of dismissal.  (App. at 426, ECF No. 25-3 at 76; App. at 539-41, ECF No. 25-4 at 41-43.)  However, upon a review of the record, the court finds that the issue presented in Ground Six was not raised in Springer's PCR appeal. (ECF No. 25-13.)  Therefore, the court concludes that Ground Six is procedurally defaulted.

In Ground Nine, Springer alleges that his right to due process was violated "when the prosecution interfered with a defense witness by having her arrested on a false charge, and having her children taken and held through the trial, and by threatening her not to testify."  (ECF No. 1 at 56-59.)  Springer further asserts that trial counsel was ineffective for not requesting that the trial court compel this witness to testify.  (Id.)  Upon review of the record, the court finds that these issues were addressed and ruled upon by the PCR court in its order of dismissal.  (App. at 537, ECF No. 25-4 at 39.)  However, the record further reflects that the issues raised in Ground Nine were not raised in Springer's PCR Appeal. (ECF No. 25-13.)  Therefore, the court concludes that Ground Nine is also procedurally barred.

### 2.    Failure to Demonstrate Excuse for the Procedural Default

While the court finds that all grounds, except Ground Seven, are procedurally defaulted, or barred from federal habeas review, such claims may generally nonetheless be considered by a federal court if the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750.  A petitioner may establish a fundamental miscarriage of justice by showing that he is actually innocent of the crime for which



he was convicted. However, to establish "actual innocence," a petitioner must produce new reliable evidence that was not presented at trial to establish his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239 (4th Cir. 1999); <u>see</u> <u>also</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 324, 327 (1995) (stating that to demonstrate "actual innocence," a petitioner must present "new reliable evidence . . . that was not presented at trial" and "show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt").

Springer does not appear to disagree that all grounds, with the exception of Ground Seven, are procedurally defaulted. However, he argues that such default should be excused pursuant to <u>Martinez v. Ryan</u>, 132 S. Ct. 1309 (2012). Specifically, Springer argues in his response in opposition to the respondent's motion for summary judgment that PCR counsel failed to raise many of the issues asserted in this Petition in his PCR action (Grounds One, Three through Five, Eight, Ten, and Eleven), that PCR counsel failed to adequately present some issues to the PCR court (Grounds Two and Nine), and that PCR counsel failed to file a Rule 59(e) motion as to two issues (Grounds Two and Six).[5]  (ECF No. 42 at 7, 21, 28-30, 33, 37-38, 41-42.)

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. <u>See</u> <u>Coleman</u>, 501 U.S. at 752. However, in <u>Martinez</u> the United States Supreme Court established a "limited qualification" to the rule in <u>Coleman</u>. <u>Martinez</u>, 132 S. Ct. at 1319. The <u>Martinez</u> Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Id.</u> at 1315. In describing its holding in <u>Martinez</u>, the Supreme Court has recently stated that

---

[5] Springer does not make an argument under <u>Martinez</u> for Ground Twelve. (ECF No. 42 at 43.)



> [w]e . . . read <u>Coleman</u> as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

<u>Trevino v. Thaler</u>, 133 S. Ct. 1911, 1918 (2013) (citing <u>Martinez</u>, 132 S. Ct. at 1318-19, 1320-21); <u>see also</u> <u>Sexton v. Cozner</u>, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the <u>Martinez</u> test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, to excuse the procedural default of Springer's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." <u>Sexton</u>, 679 F.3d at 1157; <u>see also</u> <u>Williams</u>, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, i.e. that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result).

Applying <u>Martinez</u> to the record and Springer's arguments, the court concludes that he cannot satisfy <u>Martinez</u>'s limited exception. First, in relation to Ground One, where Springer alleges that trial counsel failed to request a curative instruction after the prosecutor accused Springer of staring

at jurors and witnesses, Springer admits that the trial and jury qualification transcripts do not contain this alleged accusation. (ECF No. 42 at 10-12; see also ECF No. 42-2.) However, Sprinter alleges that the court reporter failed to transcribe the small portion of jury qualification which would contain the prosecutor's remark. (ECF No. 42 at 14.) Springer further asserts that references to such a statement by the trial judge establish that it was made in the presence of the jurors during jury qualification. (ECF No. 42 at 10-12, 14.) A review of the trial transcript reflects that the trial judge referenced an allegation that Springer stared at jurors or witnesses during jury qualification, but the trial transcript does not specify who made such an allegation or whether it was made in the presence of the jury pool. (App. at 38-39, ECF No. 25-1 at 40-41.) The trial judge also referenced his request that Springer face forward and not look at jurors who were waiting in line during jury qualification to talk to the court. (App. at 58, ECF No. 25-1 at 60.) However, the trial judge's references to Springer's behavior during jury qualification were made after the jury panel was excused for lunch (App. at 36, ECF No. 25-1 at 38) and before the jury entered the courtroom to begin the case (App. at 63, ECF No. 25-1 at 65). Thus, the trial and jury qualification transcripts provide no support for Springer's contention that any person in the courtroom alleged in the presence of the jury pool that Springer was staring at jurors or witnesses.

Next, Ground Two asserts ineffective assistance of trial counsel and a due process violation based on Springer's being tried while impaired or visibly intoxicated. As indicated above, Springer alleges that this issue was raised in his PCR application, but not ruled upon by the PCR court because PCR counsel "never used the term 'competence' [and instead] mistakenly used the phrase 'motion for continuance'" at the PCR hearing. (ECF No. 42 at 4.) Springer further alleges that PCR counsel failed to file a Rule 59(e) motion regarding this issue and failed to notify Springer of the PCR court's decision in time to file such a motion. (Id. at 21.) As evidence of his impairment,

Springer again cites statements made by the trial judge who noted that Springer had circles under his eyes and nodded as if asleep (App. at 39, ECF No. 25-1 at 41), appeared unsteady on his feet, was thick-tongued and somewhat difficult to understand, and had slept soundly during the lunch hour (App. at 58, ECF No. 25-1 at 60). When asked about being under the influence of alcohol or drugs, Springer indicated that he had taken 150 to 200 milligrams of the anti-anxiety drug Trazadine the night before trial, but no medication the day of trial. (App. at 39, ECF No. 25-1 at 41.) The trial judge indicated that he did not find Springer incompetent, and instead directed that Springer be tested for the presence of illegal substances prior to beginning trial. (App. at 58, ECF No. 25-1 at 60.) The record reflects that Springer's drug test came back negative for illegal substances and trial counsel testified that he had no reason to believe that Springer could not understand the nature of the proceedings or effectively communicate and aid in the defense of his case. (App. at 62, ECF No. 25-1 at 64.) The trial judge stated, "I don't have any reason to believe, of my own observations, that Mr. Springer is just not capable of going forward . . . . I believe he appears to me to be coherent and able to go forward, so we will proceed." (App. at 63, ECF No. 25-1 at 65.)

Further, during the PCR hearing, trial counsel testified that Springer did not appear to be impaired during the trial, appeared to understand what was happening, and was able to assist in his defense. (App. at 498-99, ECF No. 25-3 at 148-49; App. at 504-07, ECF No. 25-4 at 6-9.) Trial counsel also testified that neither Springer nor any family member mentioned Springer's having taken an overdose of medication the night prior to trial and that trial counsel would have brought such information to the court's attention if known. (App. at 499, ECF No. 25-3 at 149.) Springer also testified at the PCR hearing that he could not remember communicating his "drug-induced" state to trial counsel. (App. at 449, ECF No. 25-3 at 99.) Accordingly, the court concludes that Springer cannot meet the Martinez exception with regard to this issue.



As to the remainder of Springer's procedurally defaulted grounds (Grounds Three through Six, Eight through Eleven), which PCR counsel allegedly refused to raise or properly develop at the PCR hearing, Springer generally asserts that he "had no say in his appointed counsel's actions" due to South Carolina's bar on "hybrid representation." (ECF No. 42 at 29, 38.) However, a review of the PCR hearing transcript reflects that, after questioning Springer about the issues raised in his PCR application, PCR counsel asked Springer whether there were any other issues that needed to be addressed and whether PCR counsel had "fully covered all the matters" that Springer wished to bring before the PCR court. (App. at 460, ECF No. 25-3 at 110.) Springer stated that the issues previously discussed by PCR counsel were "definitely the only issues that [he wanted] to bring" before the PCR court. (Id.) Furthermore, the court agrees with the persuasive arguments presented by the respondent in support of his position that Springer cannot demonstrate that these defaulted claims are substantial claims and cannot demonstrate that he was prejudiced by PCR counsel's failure to raise or develop such claims. (See ECF No. 25 at 40-49, 50-56.)

Thus, upon review of the record, including the transcripts of the trial and the PCR proceedings, the court finds that Springer cannot demonstrate PCR counsel was objectively unreasonable in failing to raise or develop the claims raised in Grounds One through Six and Eight through Eleven; and that, but for PCR counsel's errors, there is a reasonable probability that Springer would have received relief on these claims. Because Springer cannot demonstrate that his claims are substantial and that PCR counsel was ineffective under Strickland in failing to preserve them,

he cannot establish cause under Martinez excusing the procedural default of Grounds One through Six and Eight through Eleven.[6]

### 3.    Ground Seven

In Ground Seven, Springer alleges that his right to due process and effective assistance of counsel was violated when trial counsel failed to object to inadmissible hearsay evidence presented by a nurse qualified as an expert. (ECF No. 1 at 49.) As indicated above, the respondent concedes that this ground is properly before this court. (ECF No. 25 at 49.) A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S.

---

[6] The court notes that the ruling in Martinez does not apply to ineffective assistance of appellate PCR counsel. See Martinez, 132 S. Ct. at 1315, 1320 (recognizing that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial," but not extending the possibility of establishing cause to "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings"). Thus, the failure of PCR appellate counsel to raise claims in Springer's PCR appeal cannot establish cause for Springer's procedural default.



at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

The Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 131 S. Ct. at 788. The Court observed that while "'[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both "'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

Although the Court has held that a decision containing a reasoned explanation is not required from the state court, in the case at bar this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 803-04 (1991) (indicating that when a state appellate court affirms a lower court decision without reasoning, the court may look through the later, unreasoned, summary disposition and focus on the last reasoned decision of the state court). Having reviewed the PCR



court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland test in determining that no Sixth Amendment violation occurred.

As summarized by the PCR court, Springer testified at the PCR hearing that trial counsel failed to object to inadmissible hearsay testimony from a nurse practitioner, Kathy Saunders. (App. at 534, ECF No. 25-4 at 36.) Springer cites to three portions of the trial transcript where he alleges that trial counsel should have objected to the hearsay testimony from this witness. (App. at 538, ECF No. 25-4 at 40; see also App. at 451-55, ECF No. 25-3 at 101-05; App. at 255-56, 265; ECF No. 25-2 at 71-72, 81.) The PCR court also summarized trial counsel's testimony at the PCR hearing as stating that "Saunders did not overstep in her testimony and did not identify the Applicant as the perpetrator." (App. at 534, ECF No. 25-4 at 37.) Trial counsel further testified that he did make one hearsay objection, which was sustained, but did not thereafter object to testimony from this witness. (App. at 509-10, ECF No. 25-4 at 11-12.)

In denying and dismissing Springer's application, the PCR court found that Springer's testimony was not credible and trial counsel's testimony was credible. (App. at 536, ECF No. 25-4 at 38.) Springer's response in opposition to the respondent's motion does not appear to dispute the PCR court's credibility determination or provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).



Thereafter, the PCR court reasonably found that:

> Applicant failed to meet his burden of proving trial counsel should have objected to hearsay testimony from nurse practitioner Kathy Saunders. The Applicant points to three portions of the transcript where he argues that trial counsel should have objected to hearsay. (Trial transcript, p. 237, lines 5-13; p. 237, line 22; p. 238, line 2; p. 247, lines 19-22). This Court has reviewed the testimony and finds trial counsel was not ineffective in choosing not to object. Saunders was a nurse practitioner who performed the medical exams on both of the victims in this case. The alleged hearsay testimony was permissible because it was information necessary for Saunders' medical examination, diagnosis, and/or treatment of the victims. See Rule 803(4), SCRE. Trial counsel testified, in fact, that he would have let Saunders "go a little bit" because of the nature of the allegations. See Roseboro v. State, 317 S.C. 292, 294, 454 S.E.2d 312, 313 (1995) (finding where trial counsel articulates a valid reason for employing a certain strategy, such conduct should not be deemed ineffective assistance of counsel). Further, this Court notes that there was no basis for trial counsel to object to Saunders characterizing the Applicant in a bad light because she repeatedly used the phrase "the perpetrator" and did not refer to that individual as "the defendant" or "the father" or "the uncle."

(App. at 538, ECF No. 25-4 at 40.)

Accordingly, the PCR court reasonably held that Springer "failed to prove the first prong of the Strickland test—that trial counsel failed to render reasonably effective assistance under prevailing professional norms" and "failed to present specific and compelling evidence that trial counsel committed either errors or omissions" in his representation of Springer. (App. at 539, ECF No. 24-4 at 41.) The PCR court further reasonably found that Springer "failed to prove the second prong of Strickland—that he was prejudiced by trial counsel's performance." (Id.) Thus, the PCR court reasonably determined that Springer had "not met his burden of proving trial counsel failed to render reasonably effective assistance," (id.), and reasonably concluded that Springer did "not establish any constitutional violations or deprivations before or during trial and sentencing proceedings." (App. at 541, ECF No. 25-4 at 43.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Springer cannot demonstrate that the PCR



court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings.  <u>See</u> <u>Williams</u>, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1).  As observed by the <u>Harrington</u> court, "[t]he pivotal question is whether the state court's application of the <u>Strickland</u> standard was unreasonable.  This is different from asking whether defense counsel's performance fell below <u>Strickland</u>'s standard."  <u>Harrington</u>, 131 S. Ct. at 785.

In response to the respondent's motion for summary judgment, Springer reasserts his claim that trial counsel was ineffective for failing to object to portions of Saunders's testimony.  (ECF No. 42 at 34.)  Springer also indicates that he recently learned of an email, which he is trying to obtain, stating that trial counsel "would 'not hold back anymore' when cross-examining in a case like this."  (<u>Id.</u> at 34-35.)  However, Springer provides no other additional factual allegations or arguments to refute the respondent's motion for summary judgment as to Ground Seven.  Upon careful review of the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Springer has failed to establish that trial counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient.  Therefore, Springer has not shown that the PCR court's analysis of this issue misapplied clearly established federal law or, even if there was an error, that it was unreasonable.  <u>See</u> <u>Williams</u>, 529 U.S. at 410; <u>see</u> <u>also</u> <u>Harrington</u>, 131 S. Ct. at 785.  Accordingly, the respondent's motion for summary judgment should be granted as to Ground Seven.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary

judgment (ECF No. 24) be granted and Springer's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 16, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  <u>Diamond v. Colonial Life & Acc. Ins. Co.,</u> 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); <u>see</u> Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).