IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Daniel Springer, ) | Civil Action No.: 0:13-3549-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Dennis Bush, *Warden*, ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, John Daniel Springer ("the petitioner"), now represented by excellent counsel, filed this habeas relief action pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This action is before the court on the respondent's motion for summary judgment. (ECF No. 24.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett, for pre-trial proceedings and a Report and Recommendation ("Report"). On January 16, 2015, Judge Gossett issued a Report recommending that the respondent's motion for summary judgment be granted and the petition for writ of habeas corpus be denied. (ECF No. 44).

The Magistrate Judge filed her Report on January 16, 2015, and the petitioner filed his objections on March 30, 2015. The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S. Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept,

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005).

## DISCUSSION

The court notes that the petitioner fails to make any mention in his objections to Ground Twelve. As such, the court assumes that the petitioner has decided that he no longer opposes the court's granting the respondent's motion for summary judgment on this issue. But, even if the petitioner does oppose it, for the reasons set forth in the Report, the court would still grant summary judgment on this issue.

The petitioner's objections generally consist of nothing more than arguments that the Magistrate Judge has already considered and rejected in her comprehensive and well-reasoned Report. Because the court agrees with the Magistrate Judge's cogent analysis of the issues, it need not discuss the issues for a second time here. Therefore, the court will overrule the petitioner's objections.

After a thorough review of the record of this matter, the applicable law, and the Report of the Magistrate Judge, the court overrules petitioner's objections, adopts the Report, and incorporates it herein.

**CONCLUSION**

It is therefore ORDERED that the respondent's motion for summary judgment (ECF No. 24) is GRANTED, and the petition for writ of habeas corpus is DENIED without an evidentiary hearing.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

March 31, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.